UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID HAYNESWORTH** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-2109** |
| **DYLEN PAZON, ET AL** | **SECTION: "S" (2)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. # 20) is **DENIED**.

### BACKGROUND

Plaintiff, David Haynesworth, alleges that on August 3, 2009, New Orleans Police Department Detectives Dylen Pazon and Karriem Jefferson unlawfully arrested and detained him for possession of cocaine. Haynesworth spent nine days in jail before he was released on bond. Because he had a pending felony charge and arrest record, he lost an employment opportunity. On January 29, 2010, the charge was dismissed.

On July 27, 2010, Haynesworth filed this suit against Pazon, Jefferson, and the City of New Orleans alleging unlawful arrest and unlawful incarceration.[1] On November 15, 2011, Pazon and Jefferson filed a Motion for Summary Judgment arguing that probable cause existed for Haynesworth's arrest, and that they are entitled to qualified immunity.

---

[1] The City of New Orleans was dismissed with Haynesworth's consent. (Doc. # 16).

## ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**1. Unlawful Arrest**

The right of a person to be free from arrest without warrant or probable cause is a clearly established constitutional right. Beck v. Ohio, 85 S.Ct. 223, 226-27 (1964). "A warrantless arrest must be based on probable cause." United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995) (citing United States v. Watson, 953 F.2d 895, 897 n.1 (5th Cir. 1992), cert. denied, 112 S.Ct. 1989 (1992). "Probable cause is present 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect

had committed or was committing an offense.' " Vance v. Nunnery, 137 F.3d 270, 276 (5th Cir. 1998) (quoting United States v. Levine, 80 F.3d 129, 132 (5th Cir. 1996)).

Pazon and Jefferson argue that probable cause existed for Haynesworth's arrest. Pazon stated in the police report and reiterated by affidavit that when he made eye contact with Haynesworth, who was walking toward him, Haynesworth discarded an unknown object from his right hand and immediately turned around and walked in the opposite direction. Pazon also stated that Jefferson retrieved the discarded object, and it appeared to be crack cocaine. Jefferson conducted a field test of the substance and it tested positive for cocaine.

Haynesworth contends that he and a friend stopped in the area simply to ask for directions to an inexpensive hotel. Haynesworth claims he walked toward a group of people to ask for directions, and before he could reach the group, Pazon and Jefferson apprehended him. Haynesworth argues that he never made eye contact with the detectives, he never dropped an object to the ground, the detectives did not conduct a field test at the scene, and when the substance allegedly dropped at the scene was later tested, it did not test positive for any illegal substance.

When Pazon and Jefferson encountered Haynesworth, they were patrolling the Sixth Police District because of recent complaints of illegal narcotics trafficking in the area. There are genuine issues of material facts regarding all aspects of Haynesworth's arrest. Specifically, the parties dispute: (1) whether Haynesworth made eye contact with the detectives; (2) whether Haynesworth dropped an unknown object to the ground; (3) whether Haynesworth walked away from the detectives; (4) whether Jefferson conducted a field test of the substance Haynesworth allegedly dropped; and (5) whether the substance tested positive for cocaine. Viewing the evidence in the

light most favorable to the non-movant, there are genuine issues of material fact as to whether probable cause existed for Haynesworth's arrest. Therefore, Pazon and Jefferson's motion for summary judgment regarding probable cause is DENIED.

### 2. Qualified Immunity

Qualified immunity shields a government official performing discretionary functions from liability unless the official's conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 102 S.Ct. 2727, 2738 (1982). "The protection afforded by the defense is an 'immunity from suit, not simply immunity from liability.'" Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994) (quoting Geter v. Fortenberry, 849 F.2d 1550, 1552 (5th Cir. 1988)). Qualified immunity is reviewed under a two step analysis. "The first question is whether the plaintiff has asserted the violation of a clearly established constitutional right. If so, the court decides whether the defendants' conduct was objectively reasonable." Sorenson v. Ferrie, 134 F.3d 325, 327 (5th Cir. 1998) (citing Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997)).

"In suits alleging illegal arrest, the qualified immunity determination turns on whether 'a reasonable officer could have believed [the arrest] to be lawful, in light of clearly established law and the information the . . . officer[ ] possessed.'" Babb, F.3d 472 at 477 (quoting Hunter v. Bryant, 112 S.Ct. 534, 536 (1991). "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." Id. "Thus, a qualified immunity defense cannot succeed where it is obvious that a reasonably competent officer would find no probable cause." Id.

"[Q]uestions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery." James v. Sadler, 909 F.2d 834, 838 (5th Cir. 1990).  However, if qualified immunity is not resolved prior to trial because the facts surrounding the official's conduct are in dispute, the defense is not waived and goes to the jury.  Snyder v. Trepagnier, 142 F.3d 791, 799 (5th Cir. 1998).

As discussed above, there are genuine issues of material fact that bear on the determination of whether a reasonable officer could have believed that Haynesworth's arrest was lawful. Therefore, Pazon and Jefferson's motion for summary judgment regarding their entitlement to qualified immunity is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. # 20) is **DENIED**.

New Orleans, Louisiana, this  20th  day of December, 2011.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**